IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDWEST INSTITUE, ) | |
| ) | |
| Plaintiff, ) | Case No. CV07-466-S-EJL |
| ) | |
| vs. ) | ORDER ON REPORT AND |
| ) | RECOMMENDATION |
| ) | |
| SUZANNE RAINVILLE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

On September 19, 2008, Chief United States Magistrate Judge Candy W. Dale issued a Report and Recommendation in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. On October 6, 2008, Defendants filed their objections. Plaintiff filed its response to the objections on October 16, 2008. The matter is now ripe for this Court's review.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." Id. In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the Peretz Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Peretz, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. See Ciapponi, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); see also Peretz, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

See also Wang v. Masaitis, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

ORDER ON REPORT AND RECOMMENDATION - 1

In the Report and Recommendation, Judge Dale recommended the Defendants' motion to dismiss ( Docket No. 15) be denied in part and granted in part. Defendants object to the failure to grant the motion to dismiss. Plaintiffs disagree with Judge Dale's finding the two Forest Service projects were different projects, but agrees with Judge Dale's finding that Plaintiff should be allowed to proceed with its judicial review appeal of the Forest Service's actions.

## Factual Background

The Court adopts Judge Dale's factual background set forth on pages 1 - 5 of the Report and Recommendation, Docket No. 28:

> Between August of 2005 and April of 2006, the United States Forest Service ("USFS") opened a public comment period on two proposed projects. On August 18, 2005, *The Star-News* published an announcement by the U.S. Department of Agriculture, Forest Service, that it was conducting an environmental analysis for the proposed "Upper Mud Creek Fire Regime/Condition Class Project" ("Mud Fuels Project"). Decl. Of Sylvia G. Clark ("Clark Decl."), Docket No. 16, Exh. C. This project included 1,000 acres of mechanical treatment resulting in approximately 2 to 2.5 million board feet (MMBF) of timber harvest, low intensity broadcast burns, and re-seeding with native grasses and forbs. Clark Decl., Docket No. 16, Exh. C. Additionally, the USFS applied a categorical exclusion to this project, rendering it not subject to appeal under 36 C.F.R. §215.12.[1]  On September 19, 2005, Defendant WildWest Institute ("WildWest")[2] submitted comments on the Mud Fuels Project.[3]  (Administrative Record "AR," MS 184-MS 230.)
>
> After preliminary analysis, the USFS dropped the Mud Fuels Project without a decision and on March 15, 2006, the USFS released a letter informing the public of the proposed Muddy Squirrel Project. With the publication of legal notice in *The Idaho Statesman* on March 21, 2006, the USFS initiated a 30-day public comment on the proposed action. (AR, MS 343.) As stated in the scoping letter sent to interested parties on March 15, 2006, the Muddy Squirrel Project was previously called the "Upper Mud Fuels Reduction Project" and resulted from an adjustment of the proposed Mud Fuels Project and a refinement of its purpose and need. Clark Decl., Docket No. 16, Exh. D. The purpose of

---

[1] This regulation was held to be invalid in *Earth Island Institute v. Ruthenbeck*, 490 F.3d 687, 688 (9th Cir. 2007).

[2] The September 19, 2005 comment letter was submitted by The Ecology Center, which merged with the Native Forests Network to form the WildWest Institute in April 2006. For the sake of clarity, the Court will refer to Plaintiff The Ecology Center/WildWest Institute as "WildWest."

[3] There is some confusion in the record as to when the comment period for the Mud Fuels Project closed. The announcement published in *The Star-News* states the public comment period ended September 16, 2005, which would make WildWest's comments untimely. However, the scoping letter sent on August 25, 2005, to interested parties states that the public comment period would end on September 19, 2005. As WildWest submitted comments on September 19, 2005, under the scoping letter the comments would have been timely. For the sake of this motion and because both parties refer to the August 25 scoping letter as initiating the public comment period, the Court will assume WildWest's comments were timely submitted on the Mud Fuels Project.

the Muddy Squirrel Project was to improve habitat for the northern Idaho ground squirrel, whereas the purpose of the Mud Fuels Project was to reduce fuels.  The Muddy Squirrel Project included fewer acres of mechanical treatment (639 vs. 1,000 acres), and resulted in a greater number of board feet of timber harvested (2 to 2.5 vs. 3.6 MMBF).  Clark Decl., Docket No. 16, Exh. D.

Both projects included prescribed burning and seeding of native grasses and forbs, although the acreage of each was different. Clark Decl., Docket No. 16, Exh. D. Additionally, while the Mud Fuels Project involved no road construction, the Muddy Squirrel Project involved maintenance of 28 miles of roads, obliteration of .7 miles of unclassified road, and conversion of .7 miles of unclassified road to a system road. (AR, MS 302)  An Environmental Assessment was also to be prepared for the Muddy Squirrel Project, instead of applying a categorical exclusion.  USFS received six comment letters during the scoping period on the Muddy Squirrel Project, but none was from WildWest. (AR, MS 373-381.)

On August 31, 2006, the USFS issued a Decision Notice/Finding of No Significant Impact (Decision Notice) that authorized the Muddy Squirrel Project. (AR, MS 14435.)  On November 2, 2006, WildWest filed an administrative appeal of the Muddy Squirrel Project. Clark Decl., Docket No. 16, Exh. A.   On November 17, 2006, the USFS dismissed WildWest's administrative appeal without review, allegedly in accordance with 36 C.F.R. § 215.16 because, as the USFS explained, WildWest did not provide comments during the comment period for the Muddy Squirrel Project, and thus was not eligible to appeal the project approval.  Clark Decl., Docket No. 16, Exh. B.

The difference between the Mud Fuels Project and the Muddy Squirrel Project is contested by the parties.  WildWest alleges that the Muddy Squirrel Project was merely a revision of the Mud Fuels Project, and not a wholly unrelated new project.  Plaintiff's Memo. in Opp., Docket No. 17.  WildWest further argues that the Muddy Squirrel Project expanded the initial Mud Fuels Project area in a way that subsumed, rather than replaced, the area covered by the initial Mud Fuels Project. Plaintiff's Memo in Opp., Docket No. 17. Defendant USFS claims that the two projects were, and are not, the same.  Defendant's Reply, Docket No. 18.

WildWest filed suit against the USFS on October 26, 2007.  Compl., Docket No. 1. WildWest's First Amended Complaint asserts eight causes of action against the USFS.  Am. Compl., Docket No. 13.  Most relevant to this Partial Motion to Dismiss, WildWest alleges that the Revised Forest Plan EIS/ROD and documentation for two different projects (Muddy Squirrel Project and the Bear Tornado Recovery Project) failed to thoroughly analyze and fully disclose the effects of implementing the Revised Forest Plan viability standard on old-growth dependent, sensitive, and management indicator species. Am. Compl., Docket No. 13, Count VI.  WildWest further alleges that the decisions to approve the Muddy Squirrel Project and the Bear Tornado Recovery Project were arbitrary and capricious, and seeks to enjoin the USFS from logging under the Muddy Squirrel Project Decision Notice.  Am. Compl., Docket No. 13, Counts VII, VIII.

WildWest also seeks to enjoin the USFS from taking any further actions pursuant to the Revised Forest Plan that may adversely impact sensitive, old-growth dependent or management indicator species until adequate viability assessments have been performed and scientifically defensible conservation strategies for ensuring the viability of sensitive species are in place.  Am. Compl., Docket No. 13.  WildWest alleges in Count I of the Amended Complaint that the Payette National Forest Revised Forest Plan (Revised Forest Plan) fails to ensure the viability of wildlife species associated with old-growth habitat and is therefore not in accord with the substantive requirements of the National Forest Management Act ("NFMA"), or the procedural requirements of the National Environmental Policy Act ("NEPA").  Am. Compl., Docket No. 13, Count I.  In Counts II, III, IV, and V, WildWest alleges that the Revised Forest Plan fails to ensure the viability of the white-headed

woodpecker, the northern goshawk, the flammulated owl, and the great gray owl, respectively. Am. Compl., Docket No. 13.

It should also be noted that none of the third parties that filed public comments to the Muddy Squirrel Project filed administrative appeals with the agency.

## Analysis

1. Scope of Projects

Defendants do not object to Judge Dale's finding the two projects differ, however, Plaintiff objects to this finding while agreeing the motion to dismiss should be denied. The Court has reviewed in detail the scopes of the two projects and agrees with the magistrate judge that the two forest service projects are different in scope. The Court adopts as its own reasoning the analysis of Judge Dale in concluding the Mud Fuels Project was not the same project as the Muddy Squirrel Project.

2. Exhaustion

Having found the Muddy Squirrel Project was a separate and distinct project from the Mud Fuels Project, the question becomes did WildWest satisfy the exhaustion requirement prior to filing this judicial review complaint. Defendants maintain the cases relied on by the Magistrate Judge are distinguishable based on the mandatory language of the regulations of the Department of Agriculture and that Plaintiff did not exhaust its administrative remedies to allow this judicial review to proceed and it is unfair and contrary to the exhaustion requirement to allow Plaintiff to satisfy its exhaustion requirements by referencing the claims of a third party who did not file for judicial review. Plaintiff maintains under the case law cited by the Magistrate Judge, the claims should be allowed to proceed as the intent of the exhaustion requirement has been satisfied with Plaintiff's comments filed on the Mud Fuels Project.

WildWest filed its action against the USFS pursuant to 7 U.S.C. §6912 which states "a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction

against – (1) the Secretary; (2) the Department; or (3) an agency, office, officer, or employee of the Department." The Ninth Circuit has determined § 6912(e) is not jurisdictional, however, exhaustion is a requirement of the statute subject to certain judicially recognized exceptions. McBride Cotton and Cattle Corp. v. Veneman, 290 F.3d 973, 980 (9th Cir. 2002). The court can "excuse" a failure to exhaust administrative remedies in the limited circumstances set forth in footnote 7of the Report and Recommendation:

> The Court has discretion to excuse a failure to exhaust administrative remedies on the following limited bases: 1) the unexhausted remedy would be plainly inadequate; 2) the claimant has made a constitutional challenge that would remain standing after exhaustion of the remedy; 3) the administrative remedy is unlawful; 4) exhaustion of administrative remedies is futile; and 5) irreparable injury will result absent immediate judicial review. *Dawson Farms L.L.C. v. Farm Service Agency*, 504 F.3d 2008 (5th Cir. 2007) *citing Taylor v. U.S. Treasury Department*, 127 F.3d 470, 477 (5th Cir. 1997) and *Rhodes v. United States,* 574 F.2d 1179, 1181 (5th Cir. 1978). The Eight Circuit also has recognized an exception where the issues to be decided are primarily legal rather than factual. *AceProperty and Casualty Insurance Co. v. Federal Crop Insurance Corp.*, 440 F.3d 992, 1000 (8th Cir. 2006). However, WildWest does not frame its argument in this context.

The USFS argues in their briefing the exhaustion requirement cannot be waived where it is an exhaustion requirement mandated by a statute. The Defendant cites the Court to Darby v. Cisneros, 509 U.S. 137 (1993). The Darby case did not involve 7 U.S.C. § 6912 and is not binding on the question presented to this Court. This Court is bound by precedent and the Ninth Circuit has specifically ruled that exhaustion under § 6912 can be excused in certain circumstances. See McBride Cotton and Cattle Corp. v. Veneman, 290 F.3d 973, 980 (9th Cir. 2002).

In order to exhaust administrative remedies, the Plaintiff needed to file timely public comments, timely file an administrative appeal and timely file a complaint for judicial review. In this case, the Court agrees with the Magistrate Judge's factual findings that Plaintiff failed to file any public comments on the Muddy Squirrel Project. The failure to file comments was done even though the scoping notice and the publication in the newspaper expressly stated that only those who submit timely and substantive comments will have standing to appeal the project decision. The Court also agrees that the agency had no duty to automatically consider Plaintiff's Mud Flats Project comments as Muddy Squirrel Project comments without some comment being filed by Plaintiff to incorporate by reference

the earlier Mud Flat Project comments. Plaintiff, like other third parties who filed comments on both projects, should have known it needed to file separate comments on each project.

Plaintiff's failure to file <u>any</u> public comments on the Muddy Squirrel Project is a critical factor which distinguishes this case from many of the cases cited by the parties. Because filing of public comments is a prerequisite for having standing to file an administrative appeal, the failure to file public comments was not at issue in <u>Conservation Congress v. United States Forest Service</u>, 555 F. Supp.2d 1093 (E.D. Cal. 2008). In <u>Conservation Congress</u>, the Forest Service argued a certain issue in the judicial appeal had not been raised in the plaintiff's administrative appeal and was therefore waived. <u>Id.</u> at 1106. The district court held that the exhaustion requirement had been satisfied as other organizations had raised the raised the objections at the administrative level. <u>Id.</u> at 1106-07. In the present case, the Plaintiff lacked standing to file an administrative appeal because it failed to file public comments on the Muddy Squirrel Project. It would be both unfair and unjust for Plaintiff to attempt to piggyback onto the objections of third parties who complied with the procedural requirements for public comments. Simply put, the lack of action by the Plaintiff during the public comment period in this case makes the holding in <u>Conservation Congress</u> allowing the exhaustion requirement to be satisfied by third parties impossible to apply.

It is understandable that a court could, in certain circumstances, allow administratively appealed issues to be raised to the district court by any of the parties who filed administrative appeals as the agency was on notice of the objections and had the opportunity to consider the objections. See <u>Kern v. United States Bureau of Land Management</u>, 38 F.Supp.2d 1174 (D. Or. 1999). Under that scenario, the court could find the intent of exhaustion requirement had been satisfied and the agency was given a chance to apply its expertise to resolve an objection. On the other hand, it makes no sense to allow a party who failed to file public comments to file an administrative appeal on issues they never raised to the agency during the public comment period and then to allow that party to file a judicial complaint on issues that plaintiff never raised and were never raised by any

third party with standing to file an administrative appeal. This Court respectfully disagrees with the Magistrate Judge and finds the Plaintiff's attempted use of third party objections to satisfy the exhaustion requirements of § 6912 is too far of a stretch.

The exhaustion requirement is just that, a requirement that must be determined on case by case basis. Section 6912 requires that the person who files the suit must have exhausted administrative appeal procedures. This Court finds WildWest failed to exhaust administrative remedies when it failed to file public comments on the Muddy Squirrel Project. Moreover, the Court finds Plaintiff has not made an adequate showing under the facts of this case and case law to support a finding that Plaintiff's actions or the actions of interested third parties with the agency support a judicially recognized exception being applied to excuse the exhaustion requirement. Plaintiff's objections to the Muddy Squirrel Project are both factual and legal; the objections are not constitutional challenges that would remain after exhaustion of the remedy; and the administrative remedy process used by the USFS is not unlawful, futile or inadequate. Nor has there been a finding irreparable harm will occur absent judicial review.

Plaintiff has raised serious substantive issues about the Muddy Squirrel Project in its Amended Complaint. By ruling in favor of the USFS on the exhaustion issue, this Court is without authority to address the merits of Plaintiff's objections on the Muddy Squirrel Project due to Plaintiff's non-compliance with known administrative prerequisites. Accordingly, the motion to dismiss must be granted.

Order

Being fully advised in the premises, the Court hereby orders that the Defendants' Motion to Dismiss (Docket No. 15) is GRANTED and the case is dismissed in its entirety.

DATED: **December 11, 2008**

Honorable Edward J. Lodge
U. S. District Judge